UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

HANOVER INSURANCE GROUP,

                Plaintiff,

    -against-                              **SUA SPONTE REPORT AND**
                                                 **RECOMMENDATION**
YRC, INC. d/b/a YRC FREIGHT d/b/a        22-CV-7740 (NGG) (TAM)
YELLOW CORPORATION,

                Defendant.

----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        Plaintiff Hanover Insurance, as assignee of Genexa, Inc., initiated this case on December 19, 2022, alleging that Defendant YRC, Inc. lost Genexa, Inc.'s cargo shipment while in transit, in violation of the Carmack Amendment, 49 U.S.C. § 14706. (*See* Complaint ("Compl."), ECF No. 1, ¶¶ 4, 9–11.) Plaintiff filed a proposed summons on December 19, 2022, which was not issued due to procedural deficiencies. (*See* Compl., ECF No. 1-1; *see* Dec. 20, 2022 ECF Order.) On December 20, 2022, the Clerk of Court directed Plaintiff to correct and resubmit its proposed summons. (Dec. 20, 2022 ECF Order.)

        On March 21, 2023, the Court entered an order reminding Plaintiff that Federal Rule of Civil Procedure 4 requires service within 90 days of the filing of the complaint and noting that Plaintiff had failed to take any action in response to the Clerk of Court's December 20, 2022 directive. (Mar. 21, 2023 ECF Order.) The Court further directed Plaintiff to file proof of service by April 21, 2023, stating that failure to do so could result in dismissal under Rule 4(m). (*Id.*) When Plaintiff failed to comply by such time,

on April 24, 2023, the Court ordered Plaintiff to file proof of service by May 8, 2023 — again warning that failure to do so could result in dismissal. (Apr. 24, 2023 ECF Order.)

Plaintiff's counsel subsequently filed a letter on May 9, 2023, indicating that counsel had "been dealing with a number of unexpected health issues," and that, "[t]herefore, the delay in serving the Defendant . . . was not willful." (Pl.'s Letter, ECF No. 4.) Plaintiff's counsel added that he "expect[ed] the Defendant to be served . . . within [t]wo (2) weeks." (*Id.*) Three days later, on May 12, 2023, the Court acknowledged Plaintiff's letter and directed Plaintiff to file proof of service by May 26, 2023, "or a status report advising the Court as to case status." (May 12, 2023 ECF Order.) Once again, the Court warned that "**[f]ailure to do so may result in dismissal for non-service under Fed. R. Civ. P. 4(m) and/or for failure to prosecute under Fed. R. Civ. P. 41(b)**." (*Id.* (emphasis in original)).

Plaintiff filed another proposed summons on May 30, 2023, four days after the deadline previously set by the Court. (Proposed Summons, ECF No. 5.) The proposed summons was denied by the Clerk of Court, this time because "Plaintiff is out of time to serve." (June 5, 2023 ECF Order.)

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In addition, Federal Rule of Civil Procedure 16(f) states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

Here, as noted above, Plaintiff has failed to comply with the Court's orders directing Plaintiff to either file timely proof of service or a status report advising the Court as to case status. Although the Court sympathizes with Plaintiff's counsel's

2

apparent health issues, given the several extensions granted and deadlines disregarded in this case, the Court finds that dismissal is warranted for failure to effect timely service. *See Reece v. Ponte*, No. 18-CV-7385 (KAM) (RML), 2020 WL 2790502, at *3 (E.D.N.Y. May 30, 2020) (finding "counsel's family health issues" insufficient grounds to excuse non-compliance with Rule 4(m), absent "any explanation why a process server could not have been utilized to effect proper service . . . since the action was commenced"); *Gibbs v. Imagined, LLC*, No. 11-CV-2949 (ER), 2013 WL 2372265, at *2–5 (S.D.N.Y. May 30, 2013) (declining both to excuse non-compliance with Rule 4(m) and to grant a discretionary extension in light of counsel's health concerns, where counsel did not take steps to request an extension even after being put on notice several times); *see also Gibbs*, 2013 WL 2372265, at *2 (citing *Vannoni v. TSO*, 120 F.R.D. 501, 503–04 (E.D. Pa. 1988) (observing that "illness so serious as to prevent . . . service of a complaint" should prompt counsel to withdraw)). Accordingly, for the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See, e.g.*, *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161935, at *6 (E.D.N.Y. May 20, 2022), *report and recommendation adopted*, 2022 WL 2161384 (E.D.N.Y. June 15, 2022).

\* \* \* \* \*

Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the

specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: July 13, 2023
      Brooklyn, New York

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE